IN THE UNITED STATES DISTRICT COURT FOR

THE STATE OF IDAHO

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES BRADY, JULIE BRADY, JONAS BRADY and MICHAEL LOPEZ,<br><br>Defendants. | Case No. 1:08-cv-225 EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment. The parties have filed responsive briefing and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

### FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Oregon Mutual Insurance Company ("Oregon Mutual"), filed this action seeking a declaratory judgment as to whether coverage is afforded under the automobile insurance policy held by the Defendants James, Julie, and Jonas Brady.

The Defendants' insurance claim relates to an automobile accident occurring on January 13, 2006 in Las Vegas, Nevada. On that date at approximately 1:15 a.m., Jonas Brady was operating his 2002 Oldsmobile and stopped at a red light. He was struck from behind by another vehicle operated by an uninsured driver, Mike Lopez.[1] Mr. Lopez was later cited for inattentive driving and for operating an unregistered and uninsured vehicle. Jonas Brady suffered injuries in the accident.

On February 17, 2006, Jonas Brady retained an attorney to represent him in the matter who was provided a copy of the insurance policy. Section III of the policy provides that one of three actions must be taken within two years in order to recover under the uninsured motorist portion of the policy: filing an action against the uninsured motorist, reaching an agreement as to the amount due under the policy, or requesting formal arbitration. (Dkt. No. 1, Ex. A). Oregon Mutual claims the Defendants did not undertake one of these three actions and have filed this declaratory judgment action on May 22, 2008 alleging the time for seeking recovery against the uninsured motorist portion of the policy has expired.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. <u>Summers v. A. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1152 (9th Cir. 1997). Motions for summary

---

[1] Mike Lopez is named as a defendant in this action.

judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered

---

[2] See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in accord.  See e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party
> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).  Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

## DISCUSSION

I.  <u>Application of Idaho Law</u>

As a district court exercising diversity jurisdiction, this Court must apply state substantive law.  Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir. 2004). Because the insurance policy was issued in Idaho, the Court and parties agree that Idaho law applies. See, e.g., Industrial Indem. Ins. Co. v. United States, 757 F.2d 982,

985 (9th Cir. 1985) ("Idaho has adopted the Restatement rule that the law governing interpretation of a contract is the local law of the state that has 'the most significant relationship to the transaction and the parties.'").

II.     Interpretation of Section III of the Oregon Mutual Policy

There is no dispute between the parties that Jonas Brady is a covered person under the policy and would be covered for uninsured motorist coverage for the accident at issue. (Dkt. No. 21, pp. 6-7). The controversy in this case centers on the "obligations" under Section III, Cause of Action portion of the policy which states:

> The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:
>
> 1.   suit for bodily injury has been filed against the uninsured/underinsured motorist, in a court of competent jurisdiction;
> 2.   agreement as to the amount due under the policy has been concluded; or
> 3.   the insured or the Company has formally instituted arbitration proceedings.

(Dkt. No. 1, Ex. A). Because the Defendants have not initiated any of these three actions since the January 13, 2006 accident, Oregon Mutual argues the two year limitation has expired and the Defendants are unable to make a claim under the insurance policy. The parties do not appear to dispute that Section III has not been satisfied. Instead, the Defendants counter that the two year provision is void as a matter of law because it is contrary to Idaho Code § 5-216 and § 29-110(1).

Idaho Code § 5-216 governs actions on a written contract and states:

>Within five (5) years: An action upon any contract, obligation or liability founded upon an instrument in writing.
>
>Idaho Code § 29-110 applies to limitations on right to sue and states:
>
>Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void.[3]

Oregon Mutual asserts that the policy language used in Section III is valid and enforceable. Pointing to cases from other states, Oregon Mutual argues the language used in Section III of the policy has been upheld and this Court should do the same. See e.g. Wagner Construction Co. v. Pacific Mechanical, 157 P.3d 1029 (Cal. 2007), Lindsey v. Farmers Ins. Co. of Or., 12 P.3d 571 (Or. App. 2000). In Wagner, the California court considered the impact of the California statute of limitations on the insured's petition to compel arbitration. Wagner, 157 P.3d at 1032 (holding a petition to compel arbitration cannot be denied on the grounds that the statute of limitations has run on the claims the parties have agreed to arbitrate). The court in Wagner discussed California's uninsured motorists statute that uses similar language as Section III of the policy in this case and requires the claimant to undertake one of the three options within one year in order to pursue any rights under the policy. Id. at

---

[3] In 2003, the Idaho legislature amended Idaho Code § 29-110 to include in its title the words "Franchise Agreement" and to add paragraphs (2) and (3) relating to any provision in a franchise agreement purporting to waive venue or jurisdiction of Idaho's court system. See 2003 Idaho Laws Ch. 378 (H.B. 383) (2003). This amendment does not change the fact that the Idaho Legislature has instituted a five year statute of limitations on contract actions. See Schenck v. Motorcycle Accessory Warehouse, Inc., 2007 WL 1138915 *3 (D. Idaho 2007) (denying a parties' argument that Idaho Code § 29-110 applies only to franchise agreements.).

MEMORANDUM ORDER - 6

1033 (discussing <u>Freeman v. State Farm Mut. Auto. Ins. Co.</u>, 535 P.2d 341 (Cal. 1975)). The court recognized that by enacting such statute in the state's insurance code, California's Legislature intended to require compliance with a condition precedent within one year to the enforcement of any rights under the policy. <u>Id.</u> Thus under the applicable California statute, which mirrors Section III of the policy in this case, failure to satisfy one of the conditions precedent within the time limit provided for, amounts to a waiver of any rights under the policy. <u>See</u> Cal. Ins. Code. § 11580.2(h)(2)(i)(1)(A)-(C). So too in <u>Lindsey</u>, another case cited by Oregon Mutual, the Oregon Court of Appeals considered a similar statute that required an insured to take one of four courses of action within two years in order to effectuate any rights under the insurance policy. <u>Lindsey</u>, 12 P.3d 463-67(considering ORS 742.504(12)).

The difference between these two cases and the cause before this Court, is that Idaho does not have a similar statute to that of California or Oregon requiring a condition precedent to occur within a certain period of time as is included in Section III of the insurance policy at issue in this case. (Dkt. No. 21, p. 10). Idaho has instead promulgated Idaho Code § 5-216 which provides for a five year statute of limitations on contracts. Regardless, Oregon Mutual maintains the two year limitation in Section III of the policy should apply instead of the contract limitation contained in the Idaho Code. (Dkt. No. 21, p. 12).

Defendants, on the other hand, argue the Idaho Code provisions control and, in support of their argument, point to two Idaho Supreme Court cases: <u>Sunshine Min. Co. v. Allendale Mut. Ins. Co.</u>, 684 P.2d 1002 (Idaho 1984) and <u>Harding v. Mutual Benefit H. & A. Assn.</u>, 39 P.2d 306 (Idaho 1934). In these cases, the Idaho Supreme Court held the insurance contracts to be void under the above cited provisions of the Idaho Code setting the statute of limitations for contract actions at five years. Oregon Mutual counters that these cases are distinct from the present case because they involved different kinds of insurance policies; namely fire insurance and health and accident insurance. The Court finds this to be a distinction without a difference. Regardless of the type of insurance coverage involved, the fact remains that Idaho has chosen to set the statute of limitations for such actions at five years. See <u>Id.</u>; see also <u>Industrial Indem.</u>, 757 F.2d at 987 ("Idaho Code § 5-216 (1979) establishes a five-year statute of limitation for contracts, including insurance policies."). Were the Idaho Legislature to have intended differently, it would have enacted such legislation.

The Idaho Legislature intent that the five year statute of limitations in Idaho Code § 5-216 applies to all contract actions unless indicated otherwise is evidence further by Idaho Code § 5-201 which states "[c]ivil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." Were the Idaho Legislature to have intended to allow for a shorter statute of

limitations in insurance contracts, it would have provided for such by prescribing a different limitations period for insurance policies and/or expressly allowing parties to agree to deviate from the five year statute of limitations by contracting otherwise. It has not done so. See (Dkt. No. 21, p. 10). Because neither option has been taken as to insurance policy contracts, the Court must read the intent of the Idaho Legislature to be that the five year statute of limitations applies. See Industrial Indem., 757 F.2d at 987 (Under Idaho law, parties to an insurance contract could agree to lengthen the applicable statute of limitations but could not shorten the statute of limitations even by explicit agreement.); Harding, 39 P.2d at 307 ("implied and equitable exceptions are not [to] be engrafted upon the statute, and where the legislature have not made the exception in express words in the statute,...courts cannot allow it on the ground that it is within the reason or equity of the statute...this court will not usurp the legislative prerogative by writing therein that which is not there by express word or implication.") (citations omitted); see also City of Weippe v. J.R. Yarno, 486 P.2d 268, 270 (Idaho 1971) ("It is established law in Idaho that statutes of limitation may not be contractually shortened by the parties.").

Oregon Mutual further asserts it is in compliance with Idaho Code because its policy, including the two year limitation in Section III, has been "approved for use in this state" by the Director of the Department of Insurance ("Director"). (Dkt. No. 28, p. 4). The Court is not persuaded by this argument. The automobile insurance policy

here is a casualty insurance. See Idaho Code § 41-2502. Idaho Code § 41-2502 provides that uninsured motorist coverage for automobile insurance must comply with the Idaho Code and "under provisions approved by the director of the department of insurance...." Idaho Code § 41-2501 states that "all contracts of casualty insurance covering subjects of insurance resident, located, or to be performed in this state are subject to the applicable provisions of chapter 18 (the insurance contract), and to the other applicable provisions of this code." In Idaho insurers are required to submit insurance policy forms to the Director for approval under Idaho Code § 41-1812 which requires that every form be filed with the Director along with a certification of the insurer that "each policy, form, endorsement, or rider in use complies with Idaho law." Idaho Code § 41-1812(2). The Director then has the "power to examine such filings to determine whether the policies, forms, endorsements, and riders, as filed, comply with the certification of the insurer and with Idaho law relating to the content of such documents." Id. If the form does not comply with Idaho law, the Director shall prohibit its use. Id.

Complying with these filing requirements to the Director does not, in and of itself, mean an insurance policy is lawful for all purposes. The language of the code gives the Director the "power" to examine an insurance policy's filings. The fact that a policy has been filed and the Director has the power to review the insurer's filings does not render the entire insurance policy to be in accord with all provisions of law.

Just the opposite, the burden of complying with all sections of the Idaho Code lies with the insurer. See Idaho Code §§ 41-2501-02 (uninsured motorist coverage for automobile insurance must comply with all provisions of the Idaho Code); Idaho Code § 41-1812 (requiring officer of the insurer to submit a certification that it is in compliance with Idaho law).

Based on the foregoing, the Court finds as a matter of law that the insurance policy in this case is subject to Idaho's five year statute of limitations in contract actions.  The Idaho Legislature has not enacted laws similar to those of other states that require conditions precedent and/or allow the parties to contract differently from the statute of limitations for contract actions provided in the Idaho Code. As such, the two year limitation contained in Section III of the policy is void.  Accordingly, the Court will deny Oregon Mutual's motion for summary judgment and grant the Defendants' motion for summary judgment.  The Court will likewise deny Oregon Mutual's claim for declaratory judgment and enter a declaratory judgment in favor of the Defendants consistent with this Order.  The Court makes no finding as to the question of whether and how much recovery, if any, the Defendants may be entitled to under the policy.

III.   Oregon Mutual Duty to Notify

The Defendants also argue Oregon Mutual had a duty to notify the Defendants of the need to file a lawsuit against the uninsured motorist within two years.  In light of the Court's ruling above, the Court need not analyze any duty to notify on the part of Oregon Mutual.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Plaintiff's Motion for Summary Judgment (Dkt. No. 20) is **DENIED**.

2) Defendants' Cross-Motion for Summary Judgment (Dkt. No. 22) is **GRANTED**.

3) Defendant to file a proposed Declaratory Judgment in favor of the Defendants within ten (10) days.

DATED:  **March 2, 2010**

_Edward J. Lodge_
Honorable Edward J. Lodge
U. S. District Judge